**Matter of the Petition for Review of Christophoros LEONTIS, Petitioner,**

v.

**P. A. ESPERDY, as District Director of Immigration and Naturalization for the District of New York, Respondent.**

United States District Court
S. D. New York.
July 9, 1959.

Haskell R. Barst, New York City, for petitioner.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, Roy Babitt, Sp. Asst. U. S. Atty., New York City, of counsel, for respondent.

DAWSON, District Judge.

This is a motion by defendant seeking an order under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., granting summary judgment and dismissing the complaint brought by the petitioner.

The following facts appear to exist without substantial controversy:

Petitioner, Christophoros Leontis, 44, is a married male alien, a native and citizen of Greece, whose wife and daughter reside in that country and have not been in the United States. Petitioner entered the United States at the port of Norfolk, Virginia, on August 26, 1947, at which time he was admitted as a non-immigrant crewman authorized to remain in this country on shore leave for a period not to exceed 29 days.

Petitioner did not depart as required, nor did he obtain proper authorization to remain in the United States; he thus became subject to deportation pursuant to the provisions of § 241(a) (2) of the Immigration and Nationality Act, 8 U.S. C.A. § 1251(a) (2).

On August 22, 1957, petitioner was served with an order to show cause and notice of a deportation hearing. He was charged with being subject to deportation in that after his admission as a non-immigrant crewman he remained in the United States illegally, without authorization.

At the deportation hearing petitioner conceded deportability but applied for suspension of deportation under § 244(a) (1) of the Act, 8 U.S.C.A. § 1254(a) (1). This section in effect provides that the Attorney General may, in his discretion, suspend the deportation of any deportable alien who meets the statutory requirements which would demonstate his eligibility. By such application petitioner undertook the task of establishing that he was eligible for the favorable exercise of discretion by the Attorney General. He testified that he was supporting his sister and two nieces who were in the United States and that he was afraid to return to Greece because he might be killed by Communists since he had once served in the Greek Army. He further stated that he was engaged in the fur business in the United States and had built up a substantial asset value, and that to dispose of such business would result in exceptional and extremely unusual hardship.

The Special Inquiry Officer, upon consideration of all the testimony, concluded that petitioner had failed to establish his statutory eligibility for suspension of deportation in that he did not show that deportation would result in exceptional and unusual hardship to him. The Special Inquiry Officer further stated that petitioner's claim that he might be killed by Communist elements might prove the basis for petitioner's further application to the Attorney General under § 243(h) of the Act, 8 U.S.C.A. § 1253(h), but that such considerations were not relevant to the application then pending before him.

After careful consideration the Special Inquiry Officer decided that petitioner's

request should not be granted. However, he was granted the privilege of departing voluntarily from the United States within a stated period of time. An appeal was taken to the Board of Immigration Appeals which, on February 26, 1958, in a careful opinion, dismissed the appeal. The Board reviewed all the facts testified to by the petitioner before denying the request.

Petitioner did not leave the country voluntarily within the stated period of time granted, but to forestall deportation he instituted an action under the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., for a declaratory judgment declaring that the denial of suspension of deportation as a matter of statutory eligibility was arbitrary, capricious and contrary to the facts. Respondent has consented to an injunction pendente lite. The instant motion by the respondent, if granted, will result in a dismissal of the complaint and the vacating of the injunction thereunder.

The basic issue which this Court must decide is whether or not a denial of suspension of deportation by the Attorney General under § 244(a) is, in the normal course of events, reviewable by this Court.

▪ Petitioner's application to the Attorney General for relief under § 244 (a) (1) of the Immigration and Nationality Act, 8 U.S.C.A. § 1254(a) (1), is directed to the favorable exercise of discretion on the part of the Attorney General. Under this section the Attorney General may suspend the deportation of any deportable alien who meets the statutory requirements. A careful reading of the statute [1] indicates that a petitioner's eligibility for suspension of deportation rests upon "the opinion of the Attorney General." The burden of establishing that petitioner meets the requirements of "exceptional and extremely unusual hardship" rests upon the petitioning alien and it is incumbent upon him to submit any evidence in support of his application, which information should be considered by the Attorney General or his delegate. Suspension of deportation is not available to a deportable alien as a matter of right. It comes to the petitioner based upon the discretion of the Attorney General of the United States.

▪ The Attorney General has adopted regulations setting up Special Inquiry Officers who hear testimony in regard to urging the exercise of favorable discretion on the part of the Attorney General. This system of using lawfully authorized delegates of the Attorney General to review petitioners' requests is clearly lawful. Jay v. Boyd, 1956, 351 U.S. 345, 76 S.Ct. 919, 100 L.Ed. 1242.

Eligibility for the relief here involved is governed by specific statutory standards and that determination is left to the sound discretion of the Attorney General. The statute contains the clear language that the Attorney General "may in his discretion" suspend deportation. It does not restrict the considerations which may be relied upon or the proce-

---

1. "§ 1254. Suspension of deportation— Adjustment of status for permanent residence; contents

"(a) As hereinafter prescribed in this section, the Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien who—

"(1) applies to the Attorney General within five years after the effective date of this chapter for suspension of deportation; last entered the United States more than two years prior to June 27, 1952; is deportable under any law of the United States and is not a member of a class of aliens whose deportation could not have been suspended by reason of section 19(d) of the Immigration Act of 1917, as amended; and has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in exceptional and extremely unusual hardship to the alien or to his spouse, parent or child, who is a citizen or an alien lawfully admitted for permanent residence * * *."

**24**

dure by which discretion should be exercised. Like probation or suspension of criminal sentence, it "comes as an act of grace" and cannot be demanded as a right. This suspension is dispensed according to the unfettered discretion of the Attorney General. Jay v. Boyd, supra.

 Faced with this clear Congressional intent, the powers of a court to review the exercise of the Attorney General's discretion are limited. A review of the administrative record in this case clearly indicates that neither the Attorney General nor his delegate was guilty of arbitrary or capricious tactics in denying petitioner's request, nor was the result contrary to the facts. Petitioner was given a lengthy hearing with the aid of counsel and with the aid of an interpreter. He was given every advantage of the administrative process which is granted to like situated aliens. To state that because he did not receive the favorable result which he sought meant that the Attorney General acted arbitrarily or capriciously, is without merit.

██ Petitioner claims that his application is based in part upon the possibility of physical persecution by the Communists were he to be returned to Greece. Without passing on the validity of this ground, a reading of the Immigration and Nationality Act indicates that this ground for request for relief by the Attorney General must come under § 243(h) of the Act, that section providing for such relief. In the instant case there is no indication that petitioner proceeded under this section. The fact that petitioner was permitted to testify on that issue at his hearing does not transfer the petition for relief to that section. The Government contends, and rightfully so, that further proceedings under § 243(h) is an administrative procedure and any review of the issues under that section is beyond the scope of this motion.

For the reasons stated above respondent's motion for summary judgment is granted. So ordered.